IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAKIN ELLEGOOD and LINDSEY MYERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:21-CV-303-WKW [WO] |
| GREYHOUND LINES, INC., | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's motion for judgment on the pleadings. For the reasons stated below, judgment on the pleadings is appropriate as to Plaintiffs' claim for intentional infliction of emotional distress and as to Plaintiffs' *respondeat superior* allegation, to the extent it represents an attempt to assert an independent claim. The motion is otherwise due to be denied.

**I. JURISDICTION AND VENUE**

Subject matter jurisdiction is proper over the federal-law claim under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights jurisdiction), and over the state-law claims under 28 U.S.C. § 1367 (supplemental jurisdiction). Personal jurisdiction and venue are not contested.

## II. STANDARD OF REVIEW

A Rule 12(c) motion for judgment on the pleadings is reviewed using similar standards to a motion to dismiss under Rule 12(b)(6). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At the Rule 12(c) stage, the court "accept[s] the facts in the complaint as true and . . . view[s] them in the light most favorable to the nonmoving party." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. BACKGROUND

The amended complaint contains the following factual allegations. On April 18, 2019, Plaintiff Dakin Ellegood and Plaintiff Lindsey Myers were travelling from Panama City Beach, Florida, to Springfield, Illinois. Ellegood and Myers are a couple and were travelling with their one-and-one-half-year-old son. Ellegood is a mixed-race male with an African American appearance. Myers is a white female

who was seven months pregnant at the time. (Doc. # 1 at 2.) The family had purchased tickets to travel on a bus owned and/or operated by Defendant Greyhound Lines, Inc.

At 4:30 p.m., the family was scheduled to change to a new bus in Montgomery, Alabama, for the next leg of their trip to Birmingham, Alabama. Myers entered the line to board the bus with her young child. Ellegood was in line behind Myers and the baby. (Doc. # 1 at 3.)

When Myers boarded with her young child, the bus driver told her she had to sit in the back of the bus because the driver "was not going to listen to the baby cry." (Doc. # 1 at 3.) Myers went to the back of the bus and sat down.

When Ellegood boarded, the bus driver—not realizing that Ellegood and Myers were a couple—looked toward Myers and commented to Ellegood that "that's where we make all the white folks sit." (Doc. # 1 at 3.) It is unclear what prompted this comment. After reaching the back of the bus and conversing with Myers, Ellegood returned to the front of the bus for clarification. The driver then said that Myers was directed to the back of the bus "because of the baby." (Doc. # 1 at 3.) An argument then ensued between Ellegood and the bus driver, which resulted in security being called and in Ellegood, Myers, and their child being removed from the bus.

Other Greyhound employees arranged for the family to travel with a cab driver in his personal car to Birmingham. On this ride, Myers alleges that she experienced painful contractions, severe stress, and anxiety. The family arrived at Birmingham on time and successfully boarded their next bus. (Doc. # 1 at 4.)

Plaintiffs bring three substantive claims against Greyhound Lines. The first claim is brought under 42 U.S.C. § 1981, alleging that Defendant impaired Plaintiffs of their right to make and enforce contracts. The second claim is brought under the common law of Alabama, alleging that Defendant breached the contract of carriage. The third claim is also brought under the common law of Alabama, alleging that Defendant intentionally inflicted emotional distress upon Plaintiffs.

## IV. DISCUSSION

### A. Intentional Infliction of Emotional Distress

The complaint does not plausibly allege a claim for intentional infliction of emotional distress, also known as outrage under Alabama law. Under Alabama law, "[f]or a plaintiff to recover under the tort of outrage, [he] must demonstrate that the defendant's conduct (1) was intentional and reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Wilson v. Univ. of Ala. Health Servs. Found., P.C.*, 266 So. 3d 674, 676 (Ala. 2017) (citation omitted) (alterations added). As explained by the Alabama Supreme Court, "[t]he tort of outrage is an extremely limited cause

of action" and "is viable only when conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Little v. Robinson*, 72 So. 3d 1168, 1172–73 (Ala. 2011) (quotations and citations omitted).  Importantly, the tort of outrage "does not recognize recovery for mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* at 1172 (quotations and citations omitted).

Alabama courts have recognized outrage claims in only a handful of extreme circumstances.  For example, "(1) wrongful conduct in the family-burial context, (2) barbaric methods employed to coerce an insurance settlement, and (3) egregious sexual harassment." *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000) (citations omitted).  Nothing about Alabama law prevents the application of the tort to new scenarios, *see Wilson v. Univ. of Alabama Health Servs. Found., P.C.*, 266 So. 3d 674, 677 (Ala. 2017), but the low number and extreme nature of the historic applications of the tort illustrate a high bar for plaintiffs.

When a federal court must apply the law of one of the several states, it is "bound to decide the case the way it appears the state's highest court would." *Risley v. Nissan Motor Corp. USA*, 254 F.3d 1296, 1299 (11th Cir. 2001).  When the Alabama Supreme Court has given such a limited interpretation to the tort of outrage, this court is bound to conclude that Greyhound's actions did not rise to the level of

5

"extreme and outrageous" conduct. Greyhound's alleged actions are not in any way comparable to the three illustrative areas in which the tort of outrage has been recognized in Alabama.

Accordingly, judgment on the pleadings is due to be granted as to the claim for intentional infliction of emotional distress.

### B. All Other Claims

First, *respondeat superior* is not an independent claim under Alabama law. To the extent that Plaintiffs' complaint alleges *respondeat superior* as an independent cause of action, judgment on the pleadings is due to be granted.

Second, judgment on the pleadings is due to be denied as to all other claims.

### C. Plaintiffs' Alternative Motion to Amend

Plaintiffs' response to the motion requests an opportunity to amend before judgment on the pleadings is granted in favor of Defendant. (Doc. # 27 at 13.) Having reviewed the allegations, the court has determined that an opportunity to amend the outrage claim would be futile and that judgment on the pleadings is proper as to that claim without an opportunity to amend. Plaintiffs' alternative motion for leave to amend is therefore due to be denied.

## V. CONCLUSION

For the reasons stated above, it is ORDERED that the motion for judgment on the pleadings (Doc. # 21) is GRANTED as to the claim of intentional infliction of

emotional distress and as to the *respondeat superior* allegation to the extent it represents an attempt to state an independent claim and is DENIED in all other respects. Plaintiffs' alternative motion for leave to amend (Doc. # 27 at 13) is DENIED.

DONE this 6th day of April, 2022.

                                              /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE