IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAKIN ELLEGOOD and LINDSEY MYERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:21-CV-303-WKW [WO] |
| GREYHOUND LINES, INC., | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion for Leave to File First Amended Complaint and to Extend the Expert Witness Disclosure Deadlines for Both Parties. (Doc. # 38.) Plaintiffs seek to add a supplemental state-law claim for negligent hiring and retention of Defendant's bus driver, Jewell Gilliam-Wells, and to extend the expert disclosure deadlines for thirty days. Defendant opposes the motion. (Doc. # 41.) The motion is due to be denied.

**A.** **Plaintiffs' Motion for Leave to Amend the Complaint**

The deadline for Plaintiffs to amend their pleadings expired under the scheduling order on July 11, 2022. (Doc. # 33 (Uniform Scheduling Order).) Plaintiffs did not move for leave to amend the complaint until October 18, 2022. (Doc. # 38.)

A party requesting leave to amend a pleading after the time required by the district court's scheduling order "must first demonstrate good cause under Rule 16(b) before [the court] will consider whether amendment is proper under Rule 15(a)." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). A district court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (citation and internal quotation marks omitted). If the plaintiff makes the required good cause showing, the district court may give leave to amend the complaint and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, good cause is absent because Plaintiffs have not shown diligence in belatedly moving to amend the complaint. Plaintiffs originally asserted that Defendants' discovery responses—received on August 1, 2022—provided the evidentiary foundation for seeking to add a state-law claim to their complaint. (Doc. # 38 at 1.) Knowing that the deadline to amend the pleadings already had ended under the scheduling order, Plaintiffs waited more than two-and-a-half-months—until October 18, 2022—to move to amend the complaint, and their motion does not explain why they waited so long after receiving Defendant's discovery responses. In their reply brief, Plaintiffs change course, suggesting that they intended to depose

the bus driver prior to seeking leave to amend the complaint but that they did not learn until September 21, 2022, that the bus driver has a medical condition that "precludes her being deposed or testifying at trial." (Doc. # 42.) This new justification conflicts with Plaintiffs' original assertion and does not show diligence in waiting to alert the court and defense counsel on October 18, 2022, of the desire to amend the Complaint. Also, at this late date, the amendment likely would require a trial continuance as the discovery and dispositive motion deadlines are near.[1]

For these reasons, the untimely motion to amend the Complaint will be denied.

**B.    Plaintiffs' Motion to Extend the Expert Disclosure Deadlines**

Plaintiffs moved to amend the deadline to disclose expert witnesses on the last date allowed for Plaintiffs to make their disclosures. (Doc. # 38.) In their motion, Plaintiffs offer no explanation why they need an additional thirty days "to consider whether to utilize the services of an expert witness." (Doc. # 38 at 1.) In their reply, Plaintiffs argue for the first time that they need an extension because "no depositions of [P]laintiffs have yet been taken, and an expert is needed to examine such depositions in order to render an opinion." (Doc. # 42 at 7.) Absent any good reason shown for the delay in scheduling Plaintiffs' depositions (not to mention the delay in asserting this new reason), the delay appears to have been avoidable and is an

---

[1] The outcome likely would have been different had Plaintiffs promptly filed their motion for leave to amend the complaint after their August 1 receipt of Defendants' discovery responses.

insufficient reason to justify an "eleventh hour" motion for an extension of the expert disclosure deadlines. (Doc. # 33 at 4 (cautioning that "'eleventh hour' extension requests and motions will be denied outright").)

**C.     Conclusion**

Plaintiffs have not offered sufficient reasons for an extension of the deadline to amend the complaint or for an extension of the expert disclosure deadlines. Accordingly, it is ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint and to Extend the Expert Witness Disclosure Deadlines for Both Parties (Doc. # 38) is DENIED.

DONE this 9th day of December, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE